UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michael Patrick Young,

    Plaintiff

v.

The United States of America Corporate,

    Defendant

Case No. 2:25-cv-00516-CDS-EJY

**Dismissal Order**

    Pro se plaintiff Micheal Young initiated this civil action but failed to satisfy the matter of the filing fee with his complaint. On March 31, 2025, United States Magistrate Judge Elayna Youchah ordered Young to file a fully complete application to proceed *in forma pauperis* (IFP) or pay the full $405 filing fee on later than April 18, 2025. Order, ECF No. 4. Young objected to Judge Youchah's order. Obj., ECF No. 9. After conducting a de novo review, I overruled Young's objection and affirmed in full Judge Youchah's order. Order, ECF No. 11. In that order, I extended the deadline for Young to pay the filing fee or complete an IFP application to July 11, 2025. *Id.* at 2. Young was warned that failure to comply would result in dismissal without prejudice, and without further notice. The July 11 deadline passed, and Young did not pay, and still has not paid, the $405 filing fee, nor has he completed an IFP application.

I.    Discussion

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

        The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Patterson's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

        The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

II.     Conclusion

IT IS HEREBY ORDERED that this action is dismissed without prejudice based on Young's failure to file a fully complete application to proceed *in forma pauperis* or pay the $405 filing fee in compliance with this court's orders.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case. No other documents may be filed in this now-closed case.

Dated: July 28, 2025

_____
Cristina D. Silva
United States District Judge

3